John D. Bennett, S.
This is an accounting proceeding in which the successor executor and trustee has filed objections. The petitioner has moved for an order dismissing these objections, assessing costs of this proceeding against the objectant, and removing him as such successor executor and trustee.
As to the last relief sought, namely, the removal of an executor and trustee, the Surrogate’s Court Act specifies the grounds for removal and the steps to be followed in instituting and carrying through such a proceeding. Such relief cannot be obtained on motion and as to this relief the motion is denied without prejudice to the bringing of a proper proceeding for that purpose.
The relief sought by the request to dismiss the objections also appears to be improper as a motion under the facts in this case, but a matter to be determined on the hearing of the objections. (Matter of Bates, 266 App. Div. 1006.)
To understand the memorandum opinion of the Bates case (supra) it is necessary to consider the facts revealed in the record on appeal. A similar motion to strike out the objections of a substituted trustee was made in an accounting proceeding where all parties had consented and waived except possible contingent remaindermen. The Surrogate denied the motion to strike and reargument was had in which it was urged that the contingent remaindermen took as heirs and descendants of the *221 living parties, who had signed waivers and were bound by the waivers signed by such living parties. The Surrogate again denied the motion and appeal was taken.
The Appellate Division passed only upon the right of the substituted trustee to file objections and added, “It may be that it will appear at the hearing that those for whom objections are filed are bound by the consents of their predecessors in interest. ’ ’
In the present case, the facts are even weaker than in the Bates case for disposing of this question on motion. Two of the trust beneficiaries have defaulted in appearance, but have not filed any waivers. For all that appears on the record, they may be relying on the successor executor and trustee to present their claims.
It is true that the attorney for petitioner states that he'was obliged to file this account solely by reason of the refusal of the successor executor and trustee to accept an informal account. That statement implies a consent of these trust beneficiaries, but it is not legal proof of such consent.
The court therefore denies the motion to strike out the objections of the successor executor and trustee without prejudice to the raising of the questions therein presented at the hearing on these objections. Incidentally, at such hearing, the court will receive proof as to whether or not the successor executor and trustee has the right to interpose the objections which he has filed and will determine that issue before taking testimony on the merits of these objections.
This dismissal of the motion is without costs to either party.
Submit order on five days ’ notice in accordance herewith.